IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>   Jesus Palmeroni AKA Joseph Palmeroni, DBA JJP Consulting, LLC<br><br>       Debtor(s)<br><br>N.V.E., Inc. and Robert Occhifinto<br><br>       Movant(s)<br><br>v.<br><br>Jesus Palmeroni AKA Joseph Palmeroni, DBA JJP Consulting, LLC<br>       Respondent(s). | Case No. 5:16-bk-03073-JJT<br>Chapter 13<br>Judge John J. Thomas |

## OBJECTION TO DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN

Now comes N.V.E., Inc. ("NVE") by and through its attorneys Pashman Stein Walder Hayden, P.C. averring as follows:

1. NVE is an unsecured creditor, that has been pursuing Debtor for approximately 11 years in a federal lawsuit pending in the District Court for the District of New Jersey, *NVE, Inc. v. Jesus Palmeroni et al.*, Docket No. 06-5444, for in excess of $31,000,000 asserting claims of fraud, breach of loyalty and violations of federal and New Jersey Civil RICO statutes (the "Fraud Lawsuit").

2. NVE filed an objection to Debtor's Chapter 13 Plan on September 30, 2016. (DE# 23).

3. Debtor filed an Amended Plan on October 17, 2016. (DE# 29).

1

4. NVE filed an objection to Debtor's Amended Chapter 13 Plan on November 16, 2016. (DE# 47).

5. Debtor filed a Second Amended Chapter 13 Plan on March 3, 2017. (DE# 61).

6. NVE reaffirms and relies on the same bases for its objection to Debtor's Second Amended Plan as expressed in its September 30, 2016 Objection to Debtor's Plan and November 16, 2016 Objection to Debtor's Amended Plan.

7. Debtor filed this bankruptcy petition in bad faith. He attempted to improperly and discreetly obtain a discharge of NVE's claims in the Fraud Lawsuit. (See NVE's motion for temporary relief from stay, attaching NVE's summary judgment motion; DE# 25).

8. At the time Debtor filed his Chapter 13 bankruptcy petition, Debtor and NVE were in the midst of summary judgment motion practice in the Fraud Lawsuit. The Court granted NVE's motion for summary judgment as to Debtor's affirmative claims on January 27, 2017.

9. Incredibly, despite the pendency of the Fraud Lawsuit, Debtor did not provide NVE with notice of the initial Meeting of Creditors.

10. Apparently, by failing to provide notice to NVE Debtor hoped to avoid NVE having notice and an opportunity to object to the Plan or to object to the discharge of its $31 million claim in the Fraud Lawsuit. (See NVE's motion for temporary relief from stay, attaching NVE's summary judgment motion; DE# 25).

11. The only reference to the Fraud Lawsuit in Debtor's proposed Second Amended Chapter 13 Plan is wholly insufficient and does not address the gravity of the pending Fraud Lawsuit.

2

Case 5:16-bk-03073-JJT    Doc 65    Filed 03/30/17    Entered 03/30/17 12:42:56    Desc
Main Document    Page 2 of 6

12. Debtor's Second Amended Plan states, in relevant part: "NVE is a disputed unsecured creditor who has a pending lawsuit against debtor. Depending on the result of the lawsuit, debtor will comply with the Bankruptcy Code." (See Debtor's Amended Chapter 13 Plan, p. 5 DE#61).

13. As set forth in the pleadings in the Fraud Lawsuit, Debtor was NVE's former Vice President of Sales, and is alleged to be the lynchpin of a fraud committed by NVE's former employees and outside brokers and distributors to steal money, products and opportunities from NVE. (See NVE's motion for temporary relief from stay, attaching NVE's summary judgment motion; DE# 25).

14. As a Vice President of the company, Debtor owed NVE fiduciary duties, including the duty of loyalty. Debtor breached his fiduciary duties, as more fully set forth in the Fraud Lawsuit. (See NVE's motion for temporary relief from stay, attaching NVE's summary judgment motion; DE# 25).

15. NVE filed with its initial Objection to Confirmation of Debtor's proposed plan, a Proof of Claim in the amount of $31,250,462.93 representing estimated economic damages as a result of Debtor's fraud, breaches of his fiduciary duties, and embezzlement.

16. Pursuant to 11 U.S.C. § 1328(c)(2) and 11 U.S.C. § 523(a) NVE's claims in the Fraud Lawsuit, and its proof of claim, are non-dischargeable. Specifically, Section 523(a)(4), provides an exception to discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

17. NVE has filed a motion to amend its initial objection into a complaint challenging dischargeability. (DE #64)

18. NVE objects to the Second Amended Chapter 13 Plan, not only because it improperly attempts to discharge NVE's non-dischargeable claim, but also because Debtor has clearly acted in bad faith throughout this proceeding. By trying to hide the magnitude and basis of NVE's claims Debtor also has violated his duties of disclosure to this Court, and the other parties in interest.

19. In addition, Debtor claims to only have a few hundred thousand dollars in assets, but given the millions of dollars he fraudulently obtained from NVE, the Company has reason to believe that he failed to disclose all of his assets.

20. Debtor also failed to disclose all sources of income in this proceeding. For example, Debtor failed to disclose any of his gambling income. It appears that Debtor has earned at least $18,194 in gambling income in the past 3 ½ years. See The Official Global Poker Index – GPI Rankings – Jesus Palmeroni, http://www.globalpokerindex.com/poker-players/jesus-palmeroni-348319/ (last visited March 29, 2017), p.1 attached to the Declaration of Samuel J. Samaro ("Samaro Cert.") as Exhibit A. *See also* Sands Bethlehem Poker Room Blog Entry for 1/11/2015, http://sandsbethlehempokerroom.blogspot.com/2015_01_11_archive.html (last visited March 29, 2017), p. 4, 8 attached to the Samaro Cert. as Exhibit B; Results from the 2015 Winter Poker Open at the Borgata Hotel Casino & Spa, https://www.theborgata.com/casino/poker/results-and-highlights/winter-poker-open-2015/results/results-02 (last visited March 29, 2017), p. 1 attached to the Samaro Cert. as Exhibit C (stating that Debtor had winnings of $2,264 at that event); Results from the 2017 Winter Poker Open at the Borgata Hotel Casino & Spa, https://www.theborgata.com/casino/poker/results-and-highlights/winter-poker-open-2017/results/results-01 (last visited March 29, 2017), p. 11 attached to the Samaro Cert. as Exhibit D (stating that Debtor had winnings of $1,390 at that event).

21. Since Debtor has failed to disclose all of his assets and sources of income, the creditors should not be forced to accept his Second Amended Chapter 13 Plan.

22. At the very least, the Plan confirmation should be adjourned until a full investigation of the Debtor's assets and sources of income can be completed.

23. For the foregoing reasons, NVE respectfully requests that Plan confirmation be denied, that Debtor's disclosures be investigated, that NVE's claim not be subject to a discharge order under the Second Amended Chapter 13 Plan, and that the Court grant NVE such other and further relief as is just and proper.

Dated: March 30, 2017

Respectfully submitted,

/s/ Samuel J. Samaro
SAMUEL J. SAMARO
Pashman Stein Walder Hayden, P.C.
21 Main Street, Suite 200
Hackensack, NJ 07601

# CERTIFICATE OF SERVICE

AND NOW, this 30th day of March, 2017, I hereby certify that I have served the within Objection by electronically notifying the parties via ECF and by causing to be deposited a true and correct copy of the same in the United States Mail, postage prepaid, first class mail, addressed to the following:

Randall Turano, Esq.
802 Monroe Street
Stroudsburg, PA 18360

/s/ Samuel J. Samaro
Samuel J. Samaro
Pashman Stein Walder Hayden, P.C.
21 Main Street, Suite 200
Hackensack, NJ 07601