**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | |
| : | **5:16-bk-3073** JJT |
| **JESUS JOSE PALMERONI** a/k/a : | |
| Joseph Palmeroni d/b/a/ | Chapter 13 |
| JJP Consulting, LLC : | |
| : | |
| Debtor : | |

# DEBTOR'S BRIEF IN OPPOSITION TO NVE MOTION FOR SECOND RULE 2004 EXAMINATION

**ROBERT A. VORT**
2 University Plaza
Hackensack, New Jersey 07601
201-342-9501
rvort@vortlaw.com
Attorney for Debtor

NVE,, which claims to be a creditor of debtor Jesus J. Palmeroni, has moved for an order compelling Palmeroni to appear and testify at a rule 2004 examination. Such an examination was conducted by the trustee last August.

NVE did not attend the 2004 examination although it received notice of it. NVE received notice not only of the time, date and place for the rule 2004 examination, it also received notice of the deadline for filing adversary complaints. NVE has deposed Palmeroni five times New Jersey litigation. It also received, as part of settlement discussions, financial data of Palmeroni and his wife. It knows all there is to know about Palmeroni.

NVE appears to act on the assumption that a special set of rules applies to it. If NVE's representative at the 2004 examination in August 2016 failed to arrive on time due to circumstances beyond his or her control - such as an automobile accident or road construction - they should have sought relief promptly.

Palmeroni, like all debtors, is anxious to resolve his financial predicament, and NVE seems to want to engage him in protracted proceedings in this court with a lot of name calling. The Court should not indulge NVE. See, In re Stecker, 251 B.R. 878, 880 (Bcy. D.Colo. 2000) in which the court noted that rule 2004 examination were not unfettered and totally unjustified tool to fish for adverse information. It is questionable whether NVE, a mere creditor, is a "party in interest" with standing to

request and conduct a 2004 examination.

On another note, this motion is scheduled for hearing on June 1st and requests an examination on June 5th. The undersigned is scheduled for heart surgery in New York on Tuesday, May 30th. Following the surgery, I am told that I should remain in the hospital for about a week to be followed by a stay of indeterminate duration at a rehabilitation facility.

At a minimum, counsel requests that the return date of this motion be deferred. Counsel also requests to appear by telephone when the matter is argued.

                                      Respectfully submitted,

                                      S/ Robert A. Vort

Dated: May 19, 2017                  Robert A. Vort