UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF PENNSYLVANIA

In re:                            :     5:16-bk-3073 JJT

    **JESUS JOSE PALMERONI** a/k/a    :
    Joseph Palmeroni d/b/a/            Chapter 13
    JJP Consulting, LLC            :

                   Debtor      :

## CERTIFICATION OF JESUS J. PALMERONI IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

STATE OF NEW JERSEY)

   COUNTY OF BERGEN)

JESUS J. PALMERONI certifies as follows:

    1.   I am the debtor in this proceeding. I submit this certification in support of my application for a protective order and related relief.

    2.   On June 5, 2017 I was served with a notice of deposition and a request for production of documents. The notice requires that I appear and testify at the office of counsel for NVE in New Jersey. The deposition is noticed for July 6, 2017.

    3.   I am a defendant in a lawsuit filed by NVE in the District of New Jersey. Trial of that action was supposed to begin on July 17 2017. However, because my lawyer is undergoing heart surgery on June 20, 2017, the trial has been pushed back to the first open date in August on the court's schedule.

    4.   I ask the court to defer my deposition until the New Jersey trial shall have been completed. I believe this

deposition and its timing are just smokescreens for additional discovery which will not advance this proceeding. Furthermore, because my attorney will have just returned from surgery and from rehabilitation, it is unfair to require that he attend my deposition when he is trying to clean an accumulation of papers from his desk.

5. NVE served about 25 subpoenas for the production of documents. It served eight subpoenas upon casinos seeking information from January 1 2014; the other subpoenas were served on banks and other institutions with whom I conducted business for several years.

6. NVE did not attend my §341 examination. This proceeding has been pending since late July 2016. I am anxious to have the proceeding conclude. NVE has pending a motion to file out of time a complaint to declare my alleged debt nondischargeable. The court should not allow NVE to create its own set of personal deadlines. They may be good for NVE but they interfere with this court's ability to administer its docket.

7. I do not believe the subpoenas were served in good faith. My history of litigating with NVE is that it routinely engages in discovery overkill. Because it was angry at me, it sued my wife, my sister and my mother. It interfered with my ability to generate income because they sued my now-former clients and threatened them to discontinue to work with me. All NVE's claims have been dismissed. I am concerned that NVE is

using discovery to harass and not to learn relevant facts.

8   To the extent that the Court considers NVE discovery appropriate, I ask that the scope of discovery be limited to my gambling - to which NVE's prior filings have referred. I also ask that the Court limit the tme for which the subpoenas can seek information to six months before I filed my petition.

9.  NVE abused pretrial discovery in that case and is trying to do so in this proceeding. Because NVE destroyed documents, the District of New Jersey has authorized an adverse inference. NVE served a notice to depose my wife in the New Jersey action and would not suspend it even though the return date was the date on which she gave was scheduled to give birth. Even after she gave birth they wanted an affidavit from the hospital proving that she had given birth on the data for deposition. There are ample other similar instances.

10.  I certify that the foregoing statements made by me but true. I am aware that, if any of the foregoing statements made by me as willfully false, I am subject to punishment.

Dated: June 16, 2017