# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Jesus Jose Palmeroni, A/K/A Joseph Palmeroni, D/B/A, JJP Consulting, LLC<br><br>   Debtor(s).<br><br>N.V.E., Inc.<br><br>   Movant<br><br>      v.<br><br>Jesus Jose Palmeroni, A/K/A Joseph Palmeroni, D/B/A, JJP Consulting, LLC | Civil Action No. 5:16-BK-3073-JJT<br><br>**NOTICE OF MOTION<br>FOR A CONTINUANCE OF THE<br>CONFIRMATION HEARING**<br><br>**Date and Time of Hearing:**<br><br>**June 28, 2017 at 9:30 A.M.**<br><br>**Place of Hearing:**<br><br>**274 Max Rosenn U.S. Courthouse<br>197 South Main Street, Courtroom 2<br>Wilkes-Barre, PA 18701** |

      AND NOW COMES, James W. Boyan III, Esquire of Pashman Stein Walder Hayden, P.C. who represents N.V.E., Inc. ("NVE"), a creditor and party-in-interest of the Estate above who hereby moves, with the consent of the Chapter 13 Trustee, for a Continuance of the Confirmation Hearing currently scheduled for July 11, 2017 and the basis for the same is the following:

      1.     On July 27, 2016, Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code. (Docket No. 1).

      2.     On July 27, 2016, the Court appointed Charles J. DeHart, III to serve as the Chapter 13 Trustee in this matter. (Docket No. 4)

      3.     NVE is a creditor and party-in-interest of the Estate.

      4.     On August 10, 2016, Debtor filed a Chapter 13 Plan. (Docket No. 12)

1

5. On September 8, 2016, the Trustee filed an objection to Debtor's Chapter 13 Plan. (Docket No. 20).

6. On September 30, 2016, NVE filed an objection to Debtor's Chapter 13 Plan. (Docket No. 24).

7. On October 4, 2016, NVE filed a Motion for Relief from Automatic Stay so that it could proceed with motion practice in a long-running lawsuit that it filed against Debtor in the United States District Court for the District of New Jersey captioned "*N.V.E., Inc. v. Palmeroni et al.*" (D.N.J. Civ. Action No. 2:06-cv-5455) (the "New Jersey Litigation"). (Docket No. 25)

8. On October 17, 2016, Debtor filed a First Amended Chapter 13 Plan. (Docket No. 29).

9. On October 31, 2016, the Trustee filed an objection to Debtor's First Amended Chapter 13 Plan. (Docket No. 40).

10. On November 16, 2016, NVE filed an objection to Debtor's First Amended Chapter 13 Plan. (Docket No. 47).

11. On November 22, 2016, the Court granted NVE's Motion for Relief from the Stay. (Docket No. 51).

12. On February 17, 2016, NVE filed a Motion for Relief from the Stay with the concurrence of Debtor so that the New Jersey Litigation could proceed to trial. (Docket No. 59).

13. On February 22, 2016, the Court granted NVE's Motion for Relief. (Docket No. 60).

14. On March 3, 2016, Debtor filed a Second Amended Chapter 13 Plan. (Docket No. 61).

15. On March 10, 2017, the Trustee filed an Objection to Debtor's Second Amended Chapter 13 Plan. (Docket No. 63).

16. On March 30, 2017, NVE filed an Objection to Debtor's Second Amended Chapter 13 Plan. (Docket No. 65).

17. On May 17, 2017, NVE filed a Motion for an Examination of Debtor pursuant to Fed. R. Bank. P. 2004. (Docket No. 72).

18. On June 1, 2017, the Court entered an Order denying NVE's motion for an examination and directing NVE to "pursue discovery pursuant to advancing the contested matter by the current objection to the plan." (Docket No. 80).

19. On June 5, 2017, NVE sent Debtor a Request for the Production of Documents pursuant to Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure.

20. On June 5, 2017, NVE sent Debtor a Deposition Notice Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, noticing his deposition for July 6, 2017.

21. Debtor has moved for a protective order seeking an adjournment of his deposition until sometime after the trial in the New Jersey Litigation is complete. (Docket No. 82). But, he has inconsistently taken the position that he will not consent to our request for a continuance of the confirmation hearing which is currently scheduled for July 11, 2017.

22. NVE will consent to Debtor's request to adjourn his deposition in this matter as long as the plan confirmation hearing is continued to a date after the New Jersey Litigation is complete.

23. NVE has also served subpoenas on several entities to gather additional information concerning Debtor's assets.

24. NVE is still awaiting documents from Debtor and the third parties on which it served subpoenas.

25. On June 7, 2017, the Trustee filed a Motion to Dismiss Debtor's Chapter 13 Plan for Material Default. (Docket No. 80).

26. NVE and Debtor are currently scheduled to begin the trial of the New Jersey Litigation on July 17, 2017; however, it appears that the trial date will be adjourned until early August 2017.

27. The trial of the New Jersey Litigation is likely to resolve certain issues that would otherwise need to address by this Court before Debtor's Second Amended Plan can be confirmed.

28. For example, the trial in the New Jersey Litigation will establish the amount of NVE's claim against Debtor.

29. The trial in the New Jersey Litigation will also impact the issue of whether NVE's claim against Debtor is dischargeable.

30. The Trustee consents to NVE's motion for a continuance.

31. For all of these reasons, a continuance of the confirmation hearing is appropriate.

WHEREFORE, NVE respectfully request this Court to enter an Order:

(i) Continuing the confirmation hearing until the trial in the District of New Jersey is completed; and

(ii) Granting such other and further relief as is just and proper.

4

Case 5:16-bk-03073-JJT    Doc 83    Filed 06/16/17    Entered 06/16/17 17:08:36    Desc
Main Document    Page 4 of 5

Respectfully submitted,

Pashman Stein Walder Hayden
A Professional Corporation
*Attorneys for Movant N.V.E., Inc.*

By: /s/ James W. Boyan III
JAMES W. BOYAN III
Member of the Firm
Court Plaza South
21 Main Street - Suite 200
Hackensack, New Jersey 07601
Telephone: 201-488-8200
Facsimile: 201-488-5556

5