# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Jesus Jose Palmeroni, A/K/A Joseph Palmeroni, D/B/A, JJP Consulting, LLC<br><br>   Debtor(s).<br><br>N.V.E., Inc.<br><br>   Movant<br><br>      v.<br><br>Jesus Jose Palmeroni, A/K/A Joseph Palmeroni, D/B/A, JJP Consulting, LLC | Civil Action No. 5:16-BK-3073-JJT |

## CERTIFICATION OF JAMES W. BOYAN III
## IN OPPOSITION TO DEBTOR'S MOTION
## FOR A PROTECTIVE ORDER

JAMES W. BOYAN III, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey, admitted *pro hac vice* in this matter, and a member of Pashman Stein Walder Hayden, P.C, attorneys for N.V.E., Inc. ("NVE"), a creditor and party-in-interest of the above-referenced Estate, as such I am fully familiar with the facts set forth herein.

2. I submit this certification in opposition to Debtor's Motion for a Protective Order. (Doc. No. 82).

3. On May 17, 2017, NVE filed a Motion for an Examination of Debtor pursuant to Fed. R. Bank. P. 2004. (Doc. No. 72).

1

4. On June 1, 2017, the Court entered an Order denying NVE's motion for an examination and directing NVE to "pursue discovery pursuant to advancing the contested matter by the current objection to the plan." (Docket No. 80).

5. NVE has followed the Court's direction to pursue discovery under the rules for contested matters.

6. On June 5, 2017, NVE sent Debtor a Request for the Production of Documents pursuant to Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure.

7. On June 5, 2017, NVE sent Debtor a Deposition Notice Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30 of the Federal Rules of Civil Procedure, noticing his deposition for July 6, 2017.

8. NVE has also served subpoenas on various casinos and banks that Debtor has patronized.

9. After NVE served those discovery requests, Debtor's counsel, Robert Vort, inquired whether NVE would be willing to limit the scope of its requests to the preceding six months.

10. The undersigned advised Mr. Vort that NVE would not agree to such a limitation because the disclosures that Debtor submitted in this proceeding required him to disclose all sources of income from January 1, 2014 to the present. (*See* Doc. No 11, p. 26).

11. On June 16, 2017, Debtor moved for a protective order which would reschedule the date of his deposition, limit the scope of NVE's discovery requests, and quash certain subpoenas that NVE served in this matter.

2

12. With the exception of the date limitation discussed above, Debtor did not seek concurrence on these issues prior to filing the motion.

13. Debtor is seeking an adjournment of his deposition until sometime after the trial in the New Jersey Litigation is complete.

14. But, he has inconsistently taken the position that he will not consent to our request for a continuance of the confirmation hearing which is currently scheduled for July 11, 2017.

15. Debtor alleges that NVE is seeking to obtain discovery from him in this proceeding to use in the New Jersey Litigation. This is not true.

16. As we previously stated our Motion for a Continuance of the Confirmation Hearing, NVE will consent to Debtor's request to adjourn his deposition as long as we are given the opportunity to take his deposition prior to the confirmation hearing. In other words, NVE is more than willing to adjourn his deposition until after the New Jersey Litigation is complete as long as the plan confirmation hearing is also continued in the same manner.

17. The trial in the New Jersey Litigation was recently rescheduled at Mr. Vort's request and is currently scheduled to begin on August 28, 2017.

18. The Certification of Jesus Palmeroni submitted in support of this motion is full of false statements, misrepresentations, and mischaracterizations.

19. For example, Debtor claims that "All NVE's claims have been dismissed." (Palmeroni Cert. ¶ 7). Although the Court has dismissed some of NVE's claims against certain parties, many of the claims against Debtor and his co-conspirator Vincent Rosarbo remain. Indeed, the parties are scheduled to proceed to a trial on those claims starting on August 28, 2017.

3

Case 5:16-bk-03073-JJT    Doc 86    Filed 06/23/17    Entered 06/23/17 11:48:50    Desc
Main Document    Page 3 of 5

20. Debtor also erroneously claims that NVE did not serve its discovery requests "in good faith." (Id. at ¶7). This is simply not true.

21. NVE has reason to believe that Debtor has misrepresented his income and assets in his bankruptcy filings. NVE's discovery requests are a good faith attempt to substantiate those claims.

22. Debtor also asks that NVE's discovery request be limited to the six months preceding his bankruptcy filing. But, he provides no basis for imposing such a short period of time.

23. In Official Form 106, Debtor represented that he did not have any sources of income other than the ones disclosed in that form in the year that he filed his bankruptcy or the preceding two years. (Doc. No. 11, p. 26).

24. NVE is entitled to discover whether those statements were accurate. To do so, NVE needs records from January 1, 2014 to the present.

25. Debtor's Certification also contains misleading statements concerning rulings made in the New Jersey Litigation. The Court did not find that NVE intentionally destroyed any documents as Debtor's certification suggests. Moreover, the adverse inference ruling that Debtor cites was based on case law that has since been overruled. As a result, it is likely that the New Jersey Court will vacate that ruling prior to the trial.

26. For all of these reasons, the Court should deny Debtor's motion for a protective order.

4

Case 5:16-bk-03073-JJT    Doc 86    Filed 06/23/17    Entered 06/23/17 11:48:50    Desc
Main Document    Page 4 of 5

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: June 23, 2017

Respectfully submitted,

By: /s/ James W. Boyan III
JAMES W. BOYAN III

Pashman Stein Walder Hayden, P.C.
*Attorneys for Movant N.V.E., Inc.*
Court Plaza South
21 Main Street - Suite 200
Hackensack, NJ 07601
Telephone: 201-488-8200
Facsimile: 201-488-5556