IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| JESUS PALMERONI | : | BANKRUPTCY NO.: 5-16-bk-03073-JJT |
| a/k/a Joseph Palmeroni, | : | |
| d/b/a JJP Consulting, LLC | : | |
| DEBTOR | : | |
| | : | |
| N.V.E., INC., | : | {**Nature of Proceeding**: Motion to Amend Objection to Debtor's Chapter 13 Plan (Doc. #64)} |
| MOVANT | : | |
| vs. | : | |
| JESUS PALMERONI | : | |
| a/k/a Joseph Palmeroni, | : | |
| d/b/a JJP Consulting, LLC | : | |
| RESPONDENT | : | |

# OPINION

A creditor, N.V.E., Inc., has filed a Motion (Doc. #64) seeking to amend its earlier Objection to Debtor's Chapter 13 Plan (Doc. #24) to be a complaint objecting to dischargeability. While not specifically articulated in the Motion, the apparent reason for this request is that the deadline to file a complaint objecting to dischargeability has lapsed, but the earlier plan objection was filed before that lapse.

A hearing was set on NVE's Motion and multiple briefs have been filed from both Movant and Debtor vigorously arguing their respective positions. There appears to be no material facts in dispute. NVE argues that it has been pursuing the Debtor for ten years in a federal lawsuit for a sum in excess of $31 million based on fraud and other causes of action. Early in this case, relief from the automatic stay was granted so the Movant could liquidate that claim.

Rule 4007(c) requires a complaint objecting to dischargeability be filed no later than 60 days after the meeting of creditors.[1]  In this case, the meeting was scheduled for August 29, 2016, and the applicable deadline was set for October 28, 2016.[2]  This Motion to amend the earlier plan objection was filed February 17, 2017.  The plan objection was filed September 30, 2016, before the complaint deadline.

The salient question is whether an objection to plan, filed within the complaint deadline, can substitute for the timely filing of a complaint under the rules?

While this issue has not been frequently addressed by the courts, there is some authority for a filed document to be amended to a pleading of a different nature.  *Wilkerson Fuel, Inc. v. Elliott*, 415 B.R. 214 (D.S.C. 2009) and the cases cited therein.  The basis for such action is found in Federal Rule of Civil Procedure 15(a)(2), incorporated into the bankruptcy rules by Federal Rule of Bankruptcy Procedure 7015.  The applicable portion of the Rule reads, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15.  In this case, the Movant is attempting to convert its Objection to Plan into a timely complaint objecting to dischargeability.  A similar case could be found in *In re Dominguez*, 51 F.3d 1502 (9th Cir. 1995) where a creditor attempted to convert a memorandum to a complaint in order to prevent a time bar.  The *Dominguez* court stated that the test was whether, when construed liberally, does the deficient pleading give the debtor fair notice of the plaintiff's claim and the grounds relied

---

[1]  It should be noted that the bankruptcy statute does not set a deadline to file a complaint objecting to dischargeability.  Such a deadline is set forth in the national bankruptcy rules.  As such, the ability of this Court to recognize the timeliness of a complaint objecting to dischargeability is not one of jurisdiction, but of claim-processing.  *Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) (Addressing issues with the related Rule 4004 dealing with the discharge).

[2]  While the 60 day deadline can be extended, it can only be extended under the conditions laid out in Rule 4007(c).  Rule 9006(b)(3).  Any extension of that time must be requested before the time expires.

upon. *Id*. at 1508. In *In re Classic Auto Refinishing v. Marino (In re Marino)*, 37 F.3d 1354, 1356–57 (9th Cir. 1994), the creditor attempted to convert an "Opposition to Sale" to a complaint, and relief was denied because no where did it demand a "judgement of nondischargeability as required by Rule 8(a)." Similarly, a motion for relief from stay was thought not to provide timely notice of a dischargeability issue since it did not specify the "factual circumstances of the alleged fraud and misrepresentation claims." *Matter of McGuirt*, 879 F.2d 182, 184 (5th Cir. 1989).[3] The review of these cases is instructive because they highlight the fundamental requirements of a pleading before I decide whether that pleading merits the application of the liberal amendment provisions of Rule 15. At the minimum, there should be fair notice of the claim and its grounds, the factual circumstances of the alleged fraud, and a demand of judgment of nondischargeablity.

Turning to the relevant pleading sought to be amended, I quote the following:

6. Apparently, by failing to provide notice to NVE, the Debtor hoped to avoid NVE having notice and an opportunity to object to the plan or *to object to the discharge of its $31 million claim in the Fraud Lawsuit*.

7. The debtor's proposed Chapter 13 Plan sets forth a zero value for NVE's $31 million Fraud Lawsuit.

8. As set forth in the pleadings in the Fraud Lawsuit, *the Debtor was NVE's former Vice President of Sales, and is alleged to be the lynchpin of two conspiracies among NVE's former employees and outside brokers and distributors to steal money, products and opportunities from NVE*. As a Vice President of the company, the Debtor owed NVE a duty of loyalty, which fiduciary duty he breached as set forth in the Fraud Lawsuit.

9. NVE has filed simultaneously with this Objection to Confirmation of Debtor's proposed plan, a Proof of Claim in the amount of $31,250,462.93 representing estimated economic *damages as a result of Debtor's fraud, breaches of fiduciary duty and embezzlement*.

---

[3] The court left for another day whether there existed a a notice-based exception to Rule 4007(c) where untimely complaints would otherwise be allowed.

10. Pursuant to 11 U.S.C. §1328(c)(2) and §523(a) NVE's claims in the Fraud Lawsuit, and its proof of claim, are non-dischargeable. Specifically, §523(a)(4), provides an exception to discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." §523(a)(4). NVE will be filing a complaint to determine dischargeability.

11. NVE objects to the chapter 13 Plan, not only *because it is improperly attempting to discharge NVE's non-dischargeable claim*, but also because the Debtor has clearly acted in bad faith throughout this bankruptcy process. By trying to hide the magnitude and basis of NVE's claims the Debtor also has violated his duties of disclosure to this Court, and the other parties in interest.

12. In addition, the Debtor claims to only have a few hundred thousand dollars in assets, but given the millions of dollars fraudulently obtained by the Debtor from NVE, NVE believes that the Debtor is not accurately disclosing its assets. Creditors should not be forced to accept a Chapter 13 Plan where the Debtor has failed to include all of its assets. At the very least, the Plan confirmation should be adjourned until a full investigation of the Debtor's assets can be completed.

13. For the foregoing reasons, NVE respectfully requests that Plan confirmation be denied, that the Debtor's asset disclosures be investigated, *that NVE's claim not be subject to a discharge order under the Chapter 13 Plan*, and that the Court grant NVE such other and further relief as is just and proper.

Objection to Debtor's Chapter 13 Plan, Doc. #24 (*Emphasis mine*)

I am satisfied that NVE's Objection to Plan contains sufficient information for me to consider it a Complaint Objecting to Dischargeability, timely filed, and leave is granted to amend the pleading and initiate an adversary proceeding within 21 days.

My Order will follow.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: July 24, 2017