UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 13 |
| JESUS JOSE PALMERONI | : | |
| a/k/a Joseph Palmeroni, | : | Case No.: 5:16-bk-03073-JJT |
| d/b/a JJP Consulting, LLC | : | |
| | : | |
| Debtor | : | |

| | | |
|---|---|---|
| N.V.E., INC. | : | |
| Plaintiff | : | |
| v. | : | Adversary No.: 5:17-ap-00145-JJT |
| | : | |
| JESUS JOSE PALMERONI | : | |
| | : | |
| | : | |
| Defendant | : | |

**MOTION OF DEFENDANT (WITH PARTIAL CONSENT OF PLAINTIFF) PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007 TO STAY ADVERSARY PROCEEDING PENDING RESOLUTION OF APPEAL TO THE UNITED STATES DISTRICT COURT OF THE BANKRUPTCY COURT'S ORDER OF JULY 24, 2017**

The Defendant, JESUS JOSE PALMERONI ("Palmeroni"), by and through his counsel, David J. Harris, Esquire, moves with consent as follows:

### BACKGROUND

1. Palmeroni filed a petition under chapter 13 of the Bankruptcy Code on July 27, 2016.

2. Prior to the initiation of Palmeroni's bankruptcy case on November 15, 2006, N.V.E., Inc. ("NVE") filed a 13-count complaint against Palmeroni in the United States District Court for the District of New Jersey captioned as *NVE, Inc. v. Jesus Palmeroni, et al*. Docket No.: 06-5444 (the "New Jersey Lawsuit").

3. On July 28, 2016, the Bankruptcy Court issued its standard Notice of Chapter 13 Bankruptcy Case setting forth that the deadline to file a complaint to challenge dischargability of certain debts was October 28, 2016. [Doc. No. 5.]

4. NVT did not file a complaint of any kind on or prior to October 28, 2016.

5. On March 17, 2017 during the course of Palmeroni's bankruptcy case, NVE filed a Motion to Amend Objection to Debtor's Chapter 13 Plan ("NVE's Motion") in an attempt to convert an objection to Palmeroni's chapter 13 plan that it filed prior to the October 28, 2016 into a timely filed complaint to challenge the dischargeability of claims that it purportedly held against Palmeroni.

6. From March 17, 2017 through May 26, 2017, Palmeroni and NVT filed a series of briefs to support their respective positions in favor of, or against, the relief sought by NVT in NVT's Motion.

7. On July 24, 2017, the Bankruptcy Court issued an Order granting the relief sought by NVT in NVE's Motion. [Doc. No. 98].

8. Disagreeing with the Bankruptcy Court's reasoning, Palmeroni filed a Notice of Appeal on August 8, 2017 to initiate an appeal to the United States District Court of the July 24, 2017 Order.

9. Notwithstanding Palmeroni's appeal, NVE filed an "Adversary Complaint" on August 11, 2017 to initiate an adversary proceeding seeking to determine the dischargeability of its alleged claims against Palmeroni in the New Jersey Lawsuit (the "Adversary Proceeding").

10. The Summons that accompanied the Adversary Complaint set a deadline for Palmeroni to file a responsive motion or answer of September 10, 2017.

11. As an appeal of the Bankruptcy Court's July 24, 2017 Order is pending with an outcome that is uncertain and given that Palmeroni believes that the Bankruptcy Court committed reversible error to enable NVE to untimely file the Adversary Complaint, it is prudent to stay the Adversary Proceeding and suspend the deadline for Palmeroni to file a responsive pleading to the Adversary Complaint until the conclusion of the matter on appeal under Federal Rule of Bankruptcy Procedure 8007, which provides in relevant part as follows:

> **Rule 8007. Stay Pending Appeal; Bonds; Suspension of Proceedings**
>
> *(a)  Initial Motion in the Bankruptcy Court.*
>
> (1)  *In General*. Ordinarily, a party must move first in the bankruptcy court for the following relief:
>
> (A)  A stay of judgment, order, or decree of the bankruptcy court pending appeal;
>
> (B)  the approval of a supersedeas bond;
>
> (C)  an order suspending, modifying, restoring or granting an injunction while an appeal is pending; or
>
> (D)  the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e).
>
> (2)  *Time to File*. The motion may be made either before or after the notice of appeal is filed.

12. The Adversary Proceeding should be stayed, as the outcome of the appeal is uncertain. If a stay is not granted, the parties will necessarily expend countless hours and incur countless costs prosecuting their respective claims and presenting their respective defenses in an action that may be obviated if the District Court reverses the Bankruptcy Court's Order of July 24, 2017.

13. There also is no need for the Bankruptcy Court to require a supersedeas bond in connection with the imposition of the stay, because the status quo will not be disrupted, as the determination of dischargeability or non-dischargeablity will hinge on the outcome of the New Jersey Lawsuit, which has been pending for 11 years. There is no possible harm by a delay in waiting for the outcome of the appeal to the District Court, as Palmeroni remains in chapter 13 where his estate is being administered.

14. Notice of the intention to file this motion has been presented to counsel for NVE in advance of filing to which the relief has been consented as to the granting of a stay, but not as to Palmeroni's having to post a supersedeas bond.

WHEREFORE, for these reasons, Palmeroni respectfully requests that this Court grant his request for a stay to stay all action in the Adversary Proceeding and to suspend the requirement for him to file a responsive pleading to the Adversary Complaint until the conclusion of the matter on appeal to the United States District Court and hold a prompt hearing on whether the Palmeroni should be required to post a supersedeas bond as a condition to the imposition of the stay.

RESPECTFULLY SUBMITTED:

Dated: September 6, 2017  By: /s/ David J. Harris, Esquire
Wilkes-Barre, Pennsylvania  DAVID J. HARRIS, ESQUIRE